SIDNEY JOHNSON and LAKESHA JOHNSON,

      **Plaintiff,**

      **v.**                       **Case No. 26-C-329**

LINDSAY KUEHN,

      **Defendant.**

## ORDER DENYING MOTION FOR RECUSAL

Plaintiffs Sidney and Lakesha Johnson filed an Amended Complaint against Defendant Lindsay Kuehn, which the court screened, allowed Plaintiffs to proceed, and directed service. On May 11, 2026, Defendant Lindsay Kuehn filed a Motion to Dismiss. On June 1, 2026, Plaintiffs filed a response to the Motion to Dismiss and a Motion for Recusal, stating "[t]he presiding Judge is racist, bias, and unfair towards the Plaintiffs, which has and is resulting in the Plaintiffs NOT having a fair case." Dkt. No. 22 at 1.

Plaintiffs assert that the undersigned judge should recuse himself pursuant to 28 U.S.C. §455. Section 455 requires a judge to recuse himself when he is presiding over the case "in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see also *Liteky v. United States*, 510 U.S. 540, 552 (1994) ("As we have described, § 455(a) expands the protection of §455(b), but duplicates some of its protection as well."). Under 28 U.S.C. § 455(b)(1), a federal judge must disqualify himself from a proceeding "[w]here he has a personal bias or prejudice concerning a party." "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. And "judicial remarks during the course of a trial that

are critical or disapproving of, or even hostile to counsel, the parties or their cases, ordinarily do not support a bias or partiality challenge." *Grove Fresh Distribs., Inc. v. John Labatt, LTD*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Liteky*, 510 U.S. at 555). "The disqualification of a judge for actual bias or prejudice is a serious matter, and it should be required only when the bias or prejudice is proved by compelling evidence." *United States v. Balistieri*, 779 F.2d 1191, 1202 (7th Cir. 1985). The court notes that there have been no in-person or telephone hearings in this case and is only familiar with the case from the parties' filings. Plaintiffs likely reference a Scheduling Conference held in another case they filed which is before this court, 25-C-1575, *Johnson, et. al, v McNulty*, et. al., in which a Rule 16 telephone conference was held. This court did not disparage plaintiffs and has no bias or prejudice concerning Plaintiffs and the evidence they present. The court's remarks reflected a surface-level familiarity with both of Defendants' pending cases, but the comments did not reflect "personal animosity or malice" towards Plaintiffs or any prejudgment regarding their case, which has not yet reached the scheduling stage. If plaintiffs do not like the result of the case when concluded, their remedy is to appeal. The motion for recusal is DENIED.

Dated at Green Bay, Wisconsin this <u>3rd</u> day of June, 2026.

_William C. Griesbach_
William C. Griesbach
United States District Judge

2