SIDNEY JOHNSON and
LAKESHA JOHNSON,

        **Plaintiffs,**

        **v.**                          **Case No. 26-C-329**

LINDSAY KUEHN,

        **Defendant.**

## DECISION AND ORDER PARTIALLY GRANTING DEFENDANT'S MOTION TO DISMISS

On February 26, 2026, Plaintiffs Sidney Johnson and Lakesha Johnson, proceeding *pro se*, brought this action against Defendant Lindsay Kuehn, alleging that Defendant kidnapped Plaintiffs' daughter, defamed them, and intentionally caused them emotional distress. The case is before the court on Defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. For the reasons that follow, Defendant's motion to dismiss will be partially granted.

### ALLEGATIONS OF THE AMENDED COMPLAINT

To decide a motion to dismiss, the court accepts the following facts in Plaintiffs' amended complaint as true and views them in the light most favorable to Plaintiffs. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). In their amended complaint, Plaintiffs allege that while they were traveling in Wisconsin with their three children to their home in Minnesota, Defendant followed them and communicated with their 12-year-old daughter via text message to convince her to ask her parents to stop at a gas station. Am. Compl. at 2–3, Dkt. No. 13. Defendant

then persuaded the daughter to leave her parents and to return with Defendant to Defendant's home in Waukesha. *Id.* at 3. Plaintiffs filed a missing person report and were informed that their daughter was located in Waukesha. *Id.* The Waukesha police instructed them to travel to Waukesha to pick up their daughter. *Id.* Plaintiffs allege that by the time they arrived, Defendant had kidnapped their daughter again. *Id.* Defendant then attempted via court proceedings to obtain custody of Plaintiffs' daughter. *Id.* Plaintiffs allege that Defendant falsely told the Waukesha DHS that Plaintiff Lakesha Johnson had stayed with Defendant at five separate times in the preceding five years because Plaintiff Sidney Johnson had been physically abusive toward her, breaking her leg on one occasion and punching her in the face on another. *Id.* at 4. Plaintiffs allege that Defendant's statements about them are defamatory and prejudiced the court against them. *Id.* They further allege that Defendant's actions toward their daughter and her assertions about them have caused them and their children emotional distress, pain and suffering, and financial loss. *Id.* They filed this action seeking $20,000,000 in compensatory and punitive damages, "ownership of the Defendant's assets," prejudgment interest, and federal criminal charges against Defendant. *Id.* at 5.

**LEGAL STANDARD**

Defendant moves for dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). A motion to dismiss under Rule 12(b)(1) challenges the existence of the court's subject-matter jurisdiction. Subject-matter jurisdiction is a court's "power to decide the claim before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). The party asserting jurisdiction bears the burden of establishing that it exists. *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). Challenges to subject-matter jurisdiction can be either "facial" or "factual." *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). Facial challenges only call into

2

question the sufficiency of allegations supporting jurisdiction; as such, they "require only that the court look to the complaint and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Id.* at 443. Just as with other challenges to the sufficiency of pleadings, a court evaluating a facial challenge must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008) (citation omitted). In a facial challenge, "the court does not look beyond the allegations in the complaint." *Apex Digital*, 572 F.3d at 444.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Pleading in federal court is procedural and so is governed by the federal pleading standard even in diversity cases based on state substantive law. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he or she must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *See Yasak v. Ret. Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

3

The court notes at the outset that it does not have the authority to provide some aspects of the relief requested by Plaintiffs. In particular, this court cannot direct the institution of federal criminal charges as requested by Plaintiffs. And while the court can order a money judgment for damages in favor of Plaintiffs if they prevail, the court cannot order the transfer of ownership of Defendant's assets as part of the relief directly available in this case. Regarding Plaintiffs' requests for other relief, namely, damages, the court will now proceed to analyze Plaintiffs' claims.

## A. Jurisdiction

In a facial challenge to the amended complaint, Defendant argues that this court lacks subject-matter jurisdiction over this case. Mot. to Dismiss at 2–3, Dkt. No. 17. There is no federal question involved in this case, so the court does not have jurisdiction under 28 U.S.C. § 1331. But Plaintiffs have alleged facts that establish diversity jurisdiction under 28 U.S.C. § 1332 since, as Defendant concedes, Plaintiffs are citizens of Minnesota and Defendant is a citizen of Wisconsin. Mot. to Dismiss at 3. Plaintiffs seek $20,000,000 in damages, thus satisfying the amount-in-controversy minimum of $75,000. Am. Compl. at 5.

Defendant also argues that Plaintiffs' claim that she kidnapped their daughter is barred by the domestic relations exception to federal jurisdiction. Mot. to Dismiss at 2. Ordinarily, federal courts have a "virtually unflagging" obligation to adjudicate cases brought before them and over which they have jurisdiction. *Richwine v. Matuszak*, 148 F.4th 942, 951 (7th Cir. 2025) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). However, the United States Supreme Court has recognized some exceptions to this obligation. One of these is the domestic relations exception to which Defendant points. Mot. to Dismiss at 2. In *Ankenbrandt v. Richards*, the United States Supreme Court recognized a "domestic relations exception,"

4

according to which federal jurisdiction does not extend to cases brought for "divorce, alimony, and child custody decrees."  504 U.S. 689, 703 (1992).  In that same case, however, the Court found that the exception was not so broad as to encompass a tort claim by a woman against her ex-husband and his partner for sexual and physical abuse of the plaintiff's children.  *Id.* at 706.

Since the claim at issue in that case did not seek a divorce, alimony, or child custody decree, the domestic relations exception did not apply and the exercise of federal jurisdiction under 28 U.S.C. § 1332 was appropriate.  *Id.* at 706–07.  The claim brought by Plaintiffs in this case, which the court has construed as a claim for unlawful intentional interference with parents' custody of their child, like the plaintiff's claims in *Ankenbrandt*, does not fall within the domestic relations exception, because it does not seek a divorce, alimony, or child custody decree.

Aside from the domestic relations exception, there are additional situations in which it may be appropriate for federal courts to abstain from adjudication; for example, when federal adjudication would disrupt a complex state statutory scheme, *Burford v. Sun Oil Co.*, 319 U.S. 315, 333–34 (1943); when a plaintiff requests that a federal court enjoin or interfere with a pending state criminal prosecution, *Younger v. Harris*, 401 U.S. 37, 54 (1971); or when the resolution of a state law question could avoid the need for a federal court to decide a federal constitutional question, *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 501 (1941).  Of particular note in this case, *Younger* abstention doctrine has been held to apply where there are ongoing child protection proceedings in state court.  *Moore v. Sims*, 442 U.S. 415 (1979).  Defendant does not argue that any of these scenarios apply to this case, however, so there is no reason for this court to abstain from exercising its jurisdiction.  Defendant's motion to dismiss for lack of subject matter jurisdiction is therefore denied.

5

**B. Unlawful Intentional Interference with Custody of a Parent Entitled to Such Custody**

Defendant argues that Plaintiffs fail to adequately state a claim upon which relief may be granted, since they have not identified a cause of action under which to bring their claims that she kidnapped their daughter. Mot. to Dismiss at 3. In its March 6, 2026 Screening Order, however, the court concluded that the alleged actions which Plaintiffs attribute to Defendant and characterize as "kidnapping" are sufficient to state a claim for the tort of unlawful intentional interference with custody of a parent entitled to such custody. Screening Order at 3, Dkt. No. 7. The court concluded that while the Wisconsin Supreme Court has not thus far recognized a cause of action for this tort, Wisconsin would recognize such a cause of action, as this court previously held in *Lloyd v. Loeffler*, 539 F. Supp. 998, 1004 (E.D. Wis. 1982), *aff'd*, 694 F.2d 489 (7th Cir. 1982). Screening Order at 3, Dkt. No. 7. More specifically, the court held that Wisconsin would follow the RESTATEMENT (SECOND) OF TORTS § 700, which imposes liability in tort on "[o]ne who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him." *Lloyd*, 539 F. Supp. at 1004; RESTATEMENT (SECOND) OF TORTS § 700 (1977).

Plaintiffs allege that Defendant sent text messages to their daughter to convince her to escape from her parents. Am. Compl. at 2–3. These allegations, if proven, are sufficient to support a finding that Defendant induced a minor child to leave a parent entitled to her custody. In short, Plaintiffs have alleged sufficient facts to state a claim for unlawful intentional interference with custody of a parent entitled to such custody.

**C. Defamation**

Defendant argues that Plaintiffs have failed to state a claim for defamation. Mot. to Dismiss at 3. The elements of defamation in Wisconsin are "(1) a false statement; (2)

6

communicated by speech, conduct or in writing to a person other than the person defamed; and, (3) the communication is unprivileged and tends to harm one's reputation so as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her." *Torgerson v. Journal/Sentinel, Inc.*, 210 Wis. 2d 524, 534, 563 N.W.2d 472, 477 (1997).

Defendant cites language from Plaintiffs' original complaint, filed February 26, 2026, in support of her assertion that they fail to state a claim because they have failed to identify specific statements by Defendant, specific parties to whom she made the statements, or specific harms suffered by Plaintiffs. Mot. to Dismiss at 3. In pressing this argument, however, Defendant fails to acknowledge Plaintiffs' amended complaint, filed April 27, 2026. The amended complaint alleges that Defendant "knowingly told the Waukesha DHS . . . that . . . Plaintiff S. Johnson had broken [Lakesha's] leg by tripping OR tackling her to the ground, then stomping on her leg multiple times. Also, the Defendant stated that Plaintiff S. Johnson had punched Plaintiff L. Johnson in the face." Am. Compl. at 3–4.

The allegations by Plaintiffs in their amended complaint suffice to state a claim for defamation. They assert that Defendant's statements were false and that Defendant communicated those statements to a third party. Defendant has not claimed any privilege or immunity for her statements. The physical violence that Plaintiffs allege Defendant attributed to Sidney Johnson would tend to harm their reputation. Therefore, Plaintiffs have adequately stated a claim for defamation against Defendant, and Defendant's motion to dismiss as to this claim is denied.

## D. Intentional Infliction of Emotional Distress

Plaintiffs allege that Defendant caused them "an enormous amount of emotional distress." Am. Compl. at 4. A stand-alone claim of intentional infliction of emotional distress, as opposed

7

to a claim for emotional damages in connection with other damages, requires a demonstration that the defendant acted with the purpose of causing emotional distress. *Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 694–95, 271 N.W.2d 368, 378 (1978). Here, Plaintiffs have not alleged that Defendant intended to cause them emotional distress. They allege that Defendant followed them from Waukesha to kidnap their daughter. Am. Compl. at 2. Plaintiffs state that Defendant used "manipulation, deception, and malicious acts to convince the Plaintiffs' child to trick her parents." *Id.* at 2–3. But none of these allegations indicate that Defendant acted with the objective of causing emotional distress to Plaintiffs. As a result, Plaintiffs fail to state a claim for intentional infliction of emotional distress, and Defendant's motion to dismiss as to this claim is granted. But this does not mean that Plaintiffs may not ultimately recover damages for emotional distress. If they prevail on either their claim for interference with custody or defamation, damages for emotional distress would be recoverable as part of the general damages available on such claims.

## CONCLUSION

Accordingly, Defendant's motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim (Dkt. No. 17) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted with respect to Plaintiff's claim for intentional infliction of emotional distress and that claim is dismissed. The motion is denied in all other respects. The clerk is directed to set this matter on the court's calendar for a Rule 16 telephone scheduling conference, at which time the court will enter an order setting deadlines for discovery, disclosure of experts, and dispositive motions, and place this matter on the trial calendar.

**SO ORDERED** at Green Bay, Wisconsin this 22nd day of June, 2026.

William C. Griesbach
United States District Judge

8