**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**SIDNEY JOHNSON and**
**LAKESHA JOHNSON,**

**Plaintiffs,**

**v.** **Case No. 25-C-1575**

**OFFICER MCNULTY, et al.,**

**Defendants.**

---

**SIDNEY JOHNSON and**
**LAKESHA JOHNSON,**

**Plaintiffs,**

**v.** **Case No. 26-C-0329**

**LINDSAY KUEHN,**

**Defendant.**

---

## ORDER CONSOLIDATING CASES

---

On July 24, 2026, the Court entered a Notice of Proposed Consolidation, in which it informed the parties of its proposal to consolidate the above cases under Rule 42(a) of the Federal Rules of Civil Procedure and provided them an opportunity to object. Plaintiffs filed their objection on August 5, 2026, contending that consolidation would cause delay, unfair harm, confusion, and severe disadvantage to them, especially because they are representing themselves. No other party objected. Having considered Plaintiffs' objection and the entire record, the Court is satisfied that the cases should be consolidated.

As the Court noted in its Notice of Proposed Consolidation, Plaintiffs Sidney Johnson and Lakesha Johnson, proceeding *pro se*, brought these two actions arising out of the alleged unlawful interference with their custody of their minor daughter in late September and early October of 2025. In Case No. 26-C-329, Plaintiffs allege Defendant Lindsay Kuehn interfered with their parental right to the custody of their daughter by persuading her to run away from them after they stopped at a gas station on their drive from Wisconsin to Minnesota on September 29, 2025. Plaintiffs further allege that Ms. Kuehn then defamed them by making false and derogatory statements about them to Waukesha County social workers and the state court.

In Case No. 25-C-1575, Plaintiffs allege that several City of Waukesha police officers violated Plaintiffs' constitutional right to the care and custody of their child, C. L. C., by failing to facilitate their daughter's return on or about October 2, 2025, after she had been located in the city. Both cases appear to have arisen out of allegations that led to judicial proceedings in Waukesha County Children's Court. This fact is confirmed by a copy of the order of the Circuit Court for Waukesha County appointing Ms. Kuehn temporary guardian of a child whose initials are C. C., presumably the daughter of Plaintiffs and the same child with whose custody Plaintiffs allege both Ms. Kuehn and Waukesha police officers wrongfully interfered.

Federal Rule of Civil Procedure 42(a) authorizes the court to consolidate actions before it "if they involve a common question of law or fact." The purpose of the Rule is to effectuate convenience and economy in judicial administration. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2383 (3d ed.). Based on the facts alleged in the separate complaints in each case, the Court is satisfied that the two cases raise common questions of law and fact, namely, whether the interference with Plaintiffs' rights to the custody of their daughter was legally justified under the facts and circumstances that existed in late September and early

October of 2025. Both cases arise out of the alleged interference with Plaintiffs' parental right to the care and custody of their daughter that allegedly began when Ms. Kuehn persuaded the girl to leave her parents at a gas station and return with her to Waukesha and continued with the failure and/or refusal of the Defendant Police Officers to promptly return their daughter to Plaintiffs' custody.

Whether the alleged interference was justified or not depends on common questions of law and fact that will require consideration of essentially the same evidence involving Defendant Kuehn's allegedly unlawful involvement with Plaintiffs' daughter, Plaintiffs' efforts to retrieve their daughter, subsequent communication with law enforcement, and any state-court proceedings that may have been instituted. The discovery needed in both cases is the same. And although the law governing the actions of enforcement officers is different from that involving non-state actors, the law governing the custodial rights of parents to their children and the justification for interference with those rights is sufficiently similar, especially where there are pending state court proceedings, so that addressing both together will save the resources of both the parties and the court. Moreover, should the case proceed to trial, it will make no sense to empanel separate juries to listen to the same facts and answer the same or similar questions. Consolidation will also protect against inconsistent verdicts.

The Court further finds that consolidation will not unduly delay the resolution of the cases or unfairly prejudice the Plaintiffs. While neither party in Case No. 26-C-329 is represented by counsel, the defendant police officers in Case No. 25-C-1575 do have attorney representation. The presence of at least one attorney in the case will likely lead to a more efficient discovery process and, should the case proceed to trial, a smoother presentation of the evidence than would otherwise occur.

Based on the foregoing, the Court hereby orders the above cases consolidated under Case No. 25-C-1575, the first-filed action. Pursuant to Civil L. R. 42, all future pleadings and papers must be filed and docketed in that case. The Clerk is directed to set the matter on the Court's calendar for a telephone conference to set a new schedule for the consolidated case.

**SO ORDERED** at Green Bay, Wisconsin this 20th day of August, 2026.

William C. Griesbach
United States District Judge